## Frost & Bentley *vs.* Benedict.

In an action to recover for use and occupation, a witness testified that he, as agent for the plaintiffs, leased the premises in question, to the defendant, by a parol lease, at $50 a year. He was then requested to go on, and state the terms on which he leased the premises. This was objected to, but admitted. *Held* that the testimony was properly received, the question not calling for the conclusion of the witness, but asking him to state what the contract was, and what each party agreed to.

And the witness testifying that he leased the premises to the defendant for one year, at $50 per year, payable quarterly, reserving the right to sell, and that the defendant accepted the premises on those terms, and went on and occupied the same; *Held* that this was equivalent to stating the fact that the defendant agreed to take the lot, upon the terms mentioned, and that he consummated the agreement, by going into possession.

APPEAL from a judgment of the Monroe county court, affirming the judgment of a justice of the peace. The facts appear in the following opinion.

*J. L. Angle,* for the appellant.

*J. W. Stebbins,* for the respondent.

*By the Court,* WELLES, J. The action before the justice was brought to recover for the use and occupation of a lot on South St. Paul street, Rochester, which, as was alleged, the defendant rented of the plaintiffs from the 1st day of April, 1853, to the 1st day of April, 1854. On the trial, Porter Taylor was sworn as a witness for the plaintiffs, and testified among other things, that the plaintiffs did not reside in this state; that he, the witness, had the charge and leasing of some property of the plaintiffs in Rochester; that he had leased some of the plaintiffs' property to the defendant, situated on South St. Paul street in the city of Rochester. ·That the lease was by parol. The plaintiffs' counsel then told the witness to ".go on and state the terms on which you [the witness] leased it to him." This was objected to by the defendant's counsel, on the ground that the witness should state what was said between the parties, and that it was for the court to decide from that, what the terms of the lease were. The objection was overruled by the justice. The witness answered that he leased it to him for one year at a time, reserving the right to sell, according to the instructions given to the witness by the plaintiffs, at $50 per year, payable quarterly, at a much less rent than he could have rented it for without the reserve. That the defendant accepted it on those terms, and went on and occupied it. The return then states, " *this last evidence was taken under the last objection.*" There was other evidence given, and several other objections were raised and decided by the justice in the course of the trial, but no point was made upon the argument in this court, excepting upon the objections above stated.

We think the questions upon those objections were correctly

*Merritt v. Lincoln.*

decided by the justice. The question objected to did not call for the conclusion of the witness, as the counsel for the appellant supposes. The witness had just before stated the fact, without objection, that he had leased the premises for the plaintiffs to the defendant, at $50 a year, and the question required him to state the terms on which the premises were leased to the defendant. The leasing was by parol, and the question was nothing more or less than asking the witness to state what the contract was; to state what each party agreed to; to state the terms or provisions of the parol contract, or the particulars of the transaction.

When the witness stated that the defendant accepted it on those terms and went on and occupied it, it was equivalent to stating the fact that he, the defendant, agreed to take the lot upon the terms mentioned, and consummated the agreement by going into possession.

We think the judgment of the county court should be affirmed.

[MONROE GENERAL TERM, December 3, 1855. *Johnson, Selden* and *Welles,* Justices.]