### *Jackson Knife & Shear Co. v. Fred C. Hathaway, Admr

1. In Action for Wrongful Death Petition Need not Allege Pecuniary Damage.

   In an action brought under Lan. R. L. 9673 and 9675 (R. S. 6134 and 6135) for causing the death of plaintiff's decedent by neglect or wrongful act, the petition need not allege that the next of kin of the deceased have sustained pecuniary damage by his death.

2. Burden of Proving Contributory Negligence Rests on Defendant.

   Proof of the absence of contributory negligence on the part of deceased is not essential to the right to recover for wrongful death. Contributory negligence in such a case is an affirmative defense and the burden of proving it rests on the defendant.

3. Duty of Master to Instruct Servant Concerning Dangerous Work, When.

   In an action for wrongful death, where the alleged neglect consisted in a failure by the defendant, an employer, to acquaint the deceased, an employe, with the dangers incident to the work in which he was engaged, a charge requested to be given before argument, that "the duty to give instructions existed only when there were dangers of which defendant had or ought to have had knowledge, and which defendant had reason to believe the deceased did not know and would not have discovered in time to protect himself" is erroneous and misleading for not stating that defendant was bound to instruct where dangers existed of which defendant ought "by the exercise of ordinary care" to have had knowledge and which defendant had reason to believe the deceased might not have discovered nor been apprised "by the exercise of ordinary care."

4. Whether Danger so Open and Apparent as to Require no Instruction a Question for Jury, When.

   Where, in an action for wrongful death, the undisputed facts are, that the deceased, a boy of seventeen years, was killed while attempting to put a belt on a rapidly revolving wheel, the belt flying off and wrapping itself about his person; that the deceased had been employed in defendant's shop only about three weeks; that when he entered the shop he had had no experience in the kind of work upon which he was engaged; that he was asked to do the work which resulted in his death without any instruction or warning being given to him by the foreman or anyone in authority at the shop, though once on a former occasion, he had done something of this kind for another person but without receiving any instruction or warning at that time concerning the danger, it is for the jury to say whether the danger was so open and apparent that instructions concerning it were not necessary and whether the deceased was guilty of contributory negligence.

5. Verdict of $2,950 for Death of Boy not Excessive, When.

   Where deceased was at the time of his death about seventeen years of age, unusually bright, had attended high school to within one year of graduation, when he left school to aid in the support of his family and, though earning but about fifty cents a day, was contributing to the support of

---

*Affirmed, no report, Jackson K. & S. Co. v. Hathaway, 50 Bull. 121; 72 Ohio St. 623.

Sandusky County.

his parents and was a mere beginner at the work with a probability that his wages would be increased as time went on, a verdict of $2,950 is not excessive.

ERROR to Sandusky common pleas court.

**Bartlett & Wilcox** and **J. B. Stahl,** for plaintiff in error.

**Love & Culbert,** for defendant in error:

Death of inexperienced boy caused by dangerous or defective or unsafe machinery or appliances. See *Union Pac. Ry.* v. *Fort,* 84 U. S. (17 Wall.) 553 [21 L. Ed. 739]; Shearman & Redfield, Negligence (5 ed.) Sec. 219, page 389, citing *Hamilton* v. *Railway,* 54 Tex. 556; *Goff* v. *Railway,* 36 Fed. Rep. 299; *Taylor* v. *Railway,* 41 W. Va. 704 [24 S. E. Rep. 631]; *Pitts. C. & St. L. Ry.* v. *Adams,* 105 Ind. 151 [5 N. E. Rep. 187], citing, *Atlas Eng. Works* v. *Randall,* 100 Ind. 293 [50 Am. Rep. 798]; *Hill* v. *Gust,* 55 Ind. 45; *Hawkins* v. *Johnson,* 105 Ind. 29 [4 N. E. Rep. 172; 55 Am. Rep. 169]; *Mann* v. *Print Works,* 11 R. I. 152; *Lalor* v. *Railway,* 52 Ill. 401 [4 Am. Rep. 616]; *Coombs* v. *Cordage Co.* 102 Mass. 572 [3 Am. Rep. 506]; *Chicago & N. W. Ry.* v. *Bayfield,* 37 Mich. 205; *Dowling* v. *Allen,* 74 Mo. 13 [41 Am. Rep. 298]; Wood, Mas. & Serv. Secs. 349, 352, 439; Beach, Contr. Neg. Sec. 132; Thompson, Negligence 975, 976, 977, 979, 1016; Pierce, Railroads 378; Thomas, Negligence 856, 857, 858; *Union Pac. Ry.* v. *Fort,* 84 U. S. (17 Wall.) 553 [21 L. Ed. 739]; *Cole* v. *Railway,* 71 Wis. 114 [37 N. W. Rep. 84; 5 Am. St. Rep. 201].

There is no presumption that the decedent assumed the risk. *Pitts. C. & St. L. Ry.* v. *Adams,* 105 Ind. 151 [5 N. E. Rep. 187]; *Ohio & M. Ry.* v. *Hammersley,* 28 Ind. 371; *Union Pac. Ry.* v. *Fort,* 84 U. S. (17 Wall.) 553 [21 L. Ed. 739]; *O'Connor* v. *Adams,* 120 Mass. 427; *Benzing* v. *Steinway,* 101 N. Y. 547 [5 N. E. Rep. 449].

Duty of defendant to provide for the safety of its employes. *Lake Shore & M. S. Ry.* v. *Lavalley,* 36 Ohio St. 221; *Railway* v. *Murphy,* 50 Ohio St. 135 [33 N. E. Rep. 403]; *Railway* v. *Henderson,* 37 Ohio St. 549; *Dick* v. *Railway,* 38 Ohio St. 389; *Rolling Mill Co.* v. *Corrigan,* 46 Ohio St. 283 [20 N. E. Rep. 466; 3 L. R. A. 385; 15 Am. St. Rep. 596]; Shearman & Redfield, Negligence (5 ed.) Secs. 185, 186, 194, 194a, 218; Black, Law & Pr. Acc. Cas. Sec. 67.

Special orders given by master. *Illinois Steel Co.* v. *Schymanowski,* 59 Ill. App. 32; *Pitts. C. & St. L. Ry.* v. *Adams,* 105 Ind. 151 [5 N. E. Rep. 187]; *Crowley* v. *Cutting,* 165 Mass. 436 [43 N. E. Rep. 197]; *Turner* v. *Railway,* 40 W. Va. 675 [22 S. E. Rep. 83]; Wood, Mas. & Serv. Par. 349, page 714; *Union Pac. Ry.* v. *Fort,* 84 U. S. (17 Wall.) 558 [21 L. Ed. 739]; Wood, Mas. & Serv. Sec. 366; *Van Duzen Gas & Gas. Eng. Co.* v. *Schelies,* 61 Ohio St. 298 [55 N. E. Rep. 998]; *Patter-*

Knife & Shear Co. v. Hathaway.

*son* v. *Railway,* 76 Pa. St. 389 [18 Am. Rep. 412] ; *Breckenridge Co.* v. *Reagan,* 12 Circ. Dec. 50; *May* v. *Smith,* 92 Ga. 95 [18 S. E. Rep. 360; 44 Am. St. Rep. 84] ; *Hinckley* v. *Horazdowsky,* 133 Ill. 359 [24 N. E. 421; 8 L. R. A. 490; 23 Am. St. Rep. 618] ; Wharton, Negligence Sec. 216.

Duty of employe of minors and inexperienced employes. *Rolling Mill Co.* v. *Corrigan,* 46 Ohio St. 283 [20 N. E. Rep. 466; 3 L. R. A. 385; 15 Am. St. Rep. 596] ; Cooley, Torts 652; *Lake Erie & W. Ry.* v. *Mackey,* 53 Ohio St. 370 [41 N. E. Rep. 980; 29 L. R. A. 757; 53 Am. St. Rep. 640] ; *Cincinnati St. Ry.* v. *Wright,* 54 Ohio St. 181 [43 N. E. Rep. 688; 32 L. R. A. 340] ; Thompson, Negligence 978; *O'Connor* v. *Adams,* 120 Mass. 427; Shearman & Redfield, Negligence (5 ed.) Secs. 73, 203, 219, 291a, 333, 334; *Hickey* v. *Taaffe,* 105 N. Y. 26 [12 N. E. Rep. 286] ; *Pitts. C. C. & St. L. Ry.* v. *Moreland,* 12 Circ. Dec. 612; *Railway* v. *Moreland,* 60 Ohio St. 604 [54 N. E. Rep. 1107] ; *Mather* v. *Rillston,* 156 U. S. 391 [15 Sup. Ct. Rep. 464; 39 L. Ed. 464] ; *Missouri Pac. Ry.* v. *Callbreath,* 66 Tex. 526 [1 S. W. Rep. 622] ; *Atlas Eng. Works* v. *Randall,* 100 Ind. 293 [50 Am. Rep. 798] ; *Sullivan* v. *Manufacturing Co.* 113 Mass. 396; *Western Union Tel. Co.* v. *McMullen,* 58 N. J. Law 155 [33 Atl. Rep. 384; 32 L. R. A. 351] ; *New York Biscuit Co.* v. *Rouss,* 74 Fed. Rep. 608 [20 C. C. A. 555; 45 U. S. App. 45]'; *Baxter* v. *Roberts,* 44 Cal. 187 [13 Am. Rep. 160] ; *Wheeler* v. *Manufacturing Co.* 135 Mass. 294; *Coombs* v. *Cordage Co.* 102 Mass. 572 [3 Am. Rep. 506] ; *Stewart* v. *Bridge Co.* 8 Circ. Dec. 454 (15 R. 601) ; 7 Am. & Eng. Enc. Law (1 ed.) 830, 834; *Houston & Tex. Cent. Ry.* v. *Marcelles,* 59 Tex. 334; *Parkhurst* v. *Johnson,* 50 Mich. 70 [15 N. W. Rep. 107; 45 Am. Rep. 28] ; *Demars* v. *Manufacturing Co.* 67 N. H. 404 [40 Atl. Rep. 902] ; *Mullin* v. *Horseshoe Co.* 105 Cal. 77 [38 Pac. Rep. 535] ; *Jones* v. *Mining Co.* 66 Wis. 268; 28 N. W. Rep. 207 [57 Am. Rep. 269] ; *Lake Shore & M. S. Ry.* v. *Andrews,* 58 Ohio St. 426 [51 N. E. Rep. 26].

Contributory negligence. *Railway* v. *Murphy,* 50 Ohio St. 135 [33 N. E. Rep. 403] ; *Dick* v. *Railway,* 38 Ohio St. 389; *Clev. C. & C. Ry.* v. *Crawford,* 24 Ohio St. 631 [15 Am. Rep. 633].

Measure of damages. *Cincinnati St. Ry.* v. *Altemeier,* 60 Ohio St. 10 [53 N. E. Rep. 300] ; *Grotenkemper* v. *Harris,* 25 Ohio St. 510; *Illinois Cent. Ry.* v. *Slater,* 129 Ill. 91 [21 N. E. Rep. 575; 6 L. R. A. 418; 16 Am. St. Rep. 242] ; *Birkett* v. *Ice Co.* 110 N. Y. 504 [18 N. E. Rep. 108] ; *Gulf, C. & S. F. Ry.* v. *Compton,* 75 Tex. 667 [13 S. W. Rep. 667] ; *Thompson* v. *Johnston Bros. Co.* 86 Wis. 576 [57 N. W. Rep. 298] ; *Johnson* v. *Railway,* 64 Wis. 425 [25 N. W. Rep. 223] ; *Ewen* v. *Railway,* 38 Wis. 613; *Potter* v. *Railway,* 21 Wis. 372 [94 Am. Dec.

Sandusky County.

548]; *Potter* v. *Railway,* 22 Wis. 615; Black, Law & Pr. Acc. Cas. 333, 334, 335; *Schrier* v. *Railway,* 65 Wis. 457 [27 N. W. Rep. 167]; *Missouri Pac. Ry.* v. *Henry,* 75 Tex. 220 [12 S. W. Rep. 828]; *Pineo* v. *Railway,* 34 Hun (N. Y.) 80; *Chicago, etc. Ry.* v. *Becker,* 84 Ill. 483; *Union Pac. Ry.* v. *Dunden,* 37 Kan. 1 [14 Pac. Rep. 501]; *Cooper* v. *Railway,* 66 Mich. 261 [33 N. W. Rep. 306; 11 Am. St. Rep. 482]; *Hoppe* v. *Railway,* 61 Wis. 357 [21 N. W. Rep. 227]; *Houghkirk* v. *Canal Co.* 92 N. Y. 219 [44 Am. Rep. 370]; *Turner* v. *Railway,* 40 W. Va. 675 [22 S. E. Rep. 83]; *Hinckley* v. *Horazdowsky,* 133 Ill. 359 [24 N. E. Rep. 421; 8 L. R. A. 490; 23 Am. St. Rep. 618]; *Ashtabula Rapid Trans. Co.* v. *Dagenbach,* 11 Circ. Dec. 307; *Morris* v. *Railway,* 63 App. Div. 78 [71 N. Y. Supp. 321]; *Morris* v. *Railway,* 170 N. Y. 592 [63 N. E. Rep. 1119]; *San Antonia St. Ry.* v. *Watzlavzick,* 28 S. W. Rep. (Tex. Civ. App.) 115; *Austin Rapid Trans. Ry.* v. *Cullen,* 29 S. W. Rep. (Tex. Civ. App.) 256; *Carnahan* v. *Ashworth,* 31 S. E. Rep. 65, 66; *Connaughton* v. *Printing & Pub. Assn.* 73 App. Div. 316 [76 N. Y. Supp. 755]; *York* v. *Railway,* 28 Mont. 574 [69 Pac. Rep. 1042]; *Cicero & Pac. St. Ry.* v. *Boyd,* 95 Ill. App. 510; *McDonald* v. *Railway,* 36 Misc. 703 [74 N. Y. Supp. 367]; *Atchison, T. & S. F. Ry.* v. *Van Belle,* 26 Tex. Civ. App. 511 [64 S. W. Rep. 397]; *Twist* v. *Rochester (City),* 165 N. Y. 619 [59 N. E. Rep. 1131]; *Eginoire* v. *Union Co.* 112 Iowa 558 [84 N. W. Rep. 758]; *Southern Queen Mfg. Co.* v. *Morris,* 105 Tenn. 654 [58 S. W. Rep. 651]; *Taylor, B. & H. Ry.* v. *Warner,* 60 S. W. Rep. (Tex. Civ. App.) 442; *Lee* v. *Publishers, Knapp & Co.* 155 Mo. 610 [56 S. W. Rep. 458]; *Heinz* v. *Railway,* 91 Hun 640 [36 N. Y. Supp. 675]; *Omaha (City)* v. *Richards,* 49 Neb. 244 [68 N. W. Rep. 528]; *Toledo Consol. St. Ry.* v. *Mammet,* 6 Circ. Dec. 244 (13 R. 591).

Sufficiency of petition. *Johnson* v. *Railway,* 7 Ohio St. 336 [70 Am. Dec. 75]; *Weidner* v. *Rankin,* 26 Ohio St. 522; *Steel* v. *Kurtz,* 28 Ohio St. 191; *Wolf* v. *Railway,* 55 Ohio St. 517 [45 N. E. Rep. 708; 36 L. R. A. 812]; 2 Kinkead, Code Pleading 839, 840.

**HULL, J.**

This action was brought by the defendant in error to recover damages against the Jackson Knife and Shear Company, for the death of Jesse Helmic, who was a minor and whose injuries it is claimed were due to the negligence of the defendant. And when I say defendant in this case, I mean the defendant below, and the same as to plaintiff.

The deceased was about seventeen years of age and he was at work in the shop of the defendant, and it was claimed that he was put at a piece of dangerous work without being given proper instructions by the defendant or by its foreman, as to how the work should be done, or

warning as to the danger incident to doing the work. While engaged in the performance of this work, he was killed, and the action was brought by the administrator to recover damages.

The defendant denied all negligence on its part and claimed that the deceased had full knowledge of the danger of the work in which he was engaged, and that instructions were not necessary to avoid the danger; that he had been engaged in similar work prior to that time.

The facts briefly stated are these:

The deceased had been a resident of the state of Michigan, and through his brother-in-law, the administrator in this case, he came to Fremont and was employed in the defendant's factory. He went to work in what was known as the "drop forge department," of the factory, being at that time a boy about seventeen years of age, as has been stated. A few weeks after he entered the employment of the defendant a belt that was necessary in the running of the machinery of the factory, slipped off a small wheel or pulley as it is called, which was some distance from the floor, the belt running over this small wheel and also a larger wheel lower down. He was asked by Mr. Kelley the foreman, if he thought he could put the belt on and he said he thought he could, and he endeavored to reach it, but was unable to do so, and Mr. Kelley told him to get a stepladder so that he might get up more readily to where the difficulty was. Helmic went away for the stepladder, and while he was gone Mr. Kelley's attention was attracted to the work of another employe, or perhaps a machine, that was out of repair, and did not observe he says, young Helmic, when he returned with the stepladder. He continued to observe the operation of the machine and did not know Helmic had returned until he heard him make an outcry, and then heard his body as it struck the beams of the building.

It appears that Helmic had returned with the stepladder, and gone up on it to put the belt onto the pulley, and probably while he was putting it on, the belt after he got it partially on it, tightened and then flew off suddenly, and caught hold of his arm and perhaps some other part of his body, at least his arm, and wrapped itself around his arm and around the shaft, and he was whirled rapidly around with the shaft, which was revolving at the rate of about three revolutions a second, his body and feet striking the beams and injuring him so that he died a short time after he was taken down.

The plaintiff claims as I have stated, that Helmic was inexperienced in this work, and was entitled to instructions and warning. That he did not receive any and that this was negligence on the part of the defendant.

A verdict was returned for the plaintiff for $2,950 and judgment entered for that amount.

It is claimed by plaintiff in error that the petition does not state a cause of action and that therefore no evidence should have been admitted, and this objection was made upon the trial and exceptions properly lodged. The claim is based upon the fact that there is no allegation in the petition that the next of kin of Jesse Helmic sustained pecuniary damages by his death, that it fails to state that the parents and next of kin of the deceased Jesse Helmic sustained any damage by reason of his death. And it is claimed that the petition is deficient in this respect, and fatally defective—that such an allegation is necessary.

The action is brought under Lan. R. L. 9673 and 9675 (R. S. 6134 and 6135), which authorize the bringing of an action by the personal representative of the deceased in case of death by neglect or wrongful act, for the benefit of the wife or husband or father or mother or next of kin.

We think that this question, the question raised here, has been decided by our Supreme Court in a case in *Johnston* v. *Railway*, 7 Ohio St. 336 [70 Am. Dec. 75], where the Supreme Court say in the syllabus:

"An action may be maintained by the administrator of a deceased person, for the benefit of the next of kin of the deceased, though he leave no widow nor children, and though the petition does not contain a statement of special circumstances rendering the death a pecuniary injury to them. Such special circumstances can affect only the amount of the recovery."

On page 339, of the opinion, the court say:

"A right of action is given by this statute to the personal representative of the deceased, merely as a trustee, and for the exclusive benefit of the widow and next of kin. Hence, it would seem to be clear, that in order to the maintenance of the action, there must be a widow or next of kin, to whom the amount recovered could be distributed. And so it was held, under a similar statute of New York, in *Lucas* v. *Railway*, 21 Barb. 247.

"But if there be persons to whom the beneficial interest in the judgment to be recovered can vest, then the only other conditions to which the right of action is subjected by the terms of the statute, are, first, that the death shall have been caused by such wrongful act, neglect, or default, as would (if death had not ensued) have entitled the party injured to maintain an action against the defendant, and recover damages in respect thereof; secondly, that the action be brought by and in the

Knife & Shear Co. v. Hathaway.

name of the personal representative of the deceased; and thirdly, that it be commenced within two years from the time of his death.

"Subject to these conditions, the statute gives a right of action; and seems to regard the widow and next of kin as sustaining, at least, a nominal pecuniary injury, in all such cases, from the wrongful act of the defendant. *Quin* v. *Moore,* 15 N. Y. (1 Smith) 432.

"Questions may arise, upon the trial of this cause, as to the construction of the rule of damages furnished by Sec. 2 of this statute; but no such questions are properly before us. The question raised by the demurrer does not relate to the *amount* of the recovery, but is, simply, Can an action be maintained on the case stated in the petition? We think it can."

The Supreme Court here hold that the administrator brings this action simply as the trustee, and where the proper allegations are made under the statute, it is presumed that nominal pecuniary damages at least were sustained by the next of kin.

This petition alleges that the deceased left a father and mother, a brother and sister, and asks damages in the sum of ten thousand dollars, and we think that is sufficient.

The petition contains this allegation:

"Plaintiff says he as administrator has sustained damages in the sum of ten thousand dollars."

That properly construed probably would mean that he as trustee bringing this action had sustained damages, or was entitled to damages. But leaving that out, there is sufficient in the petition to state a cause of action under the statute.

The defendant made certain written requests of the court to charge, before argument, and exceptions were taken to the refusal of the court to give some of these requests.

The first one, is request No. 1, which was refused. This request asked the court among other things to charge the jury that,

"The burden of establishing the absence of such contributory negligence as well as all other facts constituting the conditions upon which the statute gives this right of action is upon the plaintiff, and to entitle him to recover in this action he must satisfy you of their existence by a preponderance of the evidence."

The request also contained this language:

"Want of ordinary care on the part of Jesse Helmic which contributed proximately to the accident complained of in this action would prevent him from recovering damages against this defendant for the resulting injury, even though this defendant was guilty of negligence in

the particulars stated in the petition in this action. This in law is known as 'contributory negligence.' The absence of contributory negligence on the part of Jesse Helmic is a necessary condition to the right of his administrator to maintain this action and recover damages against the defendant, 'The Jackson Knife & Shear Company.' ''

The gist of the instruction asked was, that the burden was upon the plaintiff in making out his case, to establish the fact that the deceased had not been guilty of contributory negligence.

The statute provides that the administrator may recover in such a case where the deceased might have recovered if living, and the argument is, that as the deceased could not have recovered if living in a case where he was guilty of contributory negligence, therefore the plaintiff in making out his case as a representative of the deceased must establish this as a substantive part of his case, thus, carrying the rule from the usual one, that contributory negligence is a defense, unless the plaintiff's own evidence raises the presumption of contributory negligence, and the instruction seems to be sustained by some language of Judge Burket in the opinion in *Wolf* v. *Railway*, 55 Ohio St. 517 [45 N. E. Rep. 708; 36 L. R. A. 812]. On page 528, Judge Burket says:

"Contributory negligence of the party injured is usually a defense to an action for damages; but in actions under this section, contributory negligence is not, strictly speaking, a defense, but prevents the liability to an action for damages from arising. The burden of proving that the liability has arisen, therefore, rests on the plaintiff.''

If this language of Judge Burket states the law correctly, it would appear that this instruction should have been given. An examination of this case however, discloses the fact that it was not necessary to pass on this question discussed by Judge Burket, in deciding the case, and that the matter is not discussed nor touched upon in the syllabus of the case, which under the rule of the Supreme Court, is the law of the case, as laid down by the court—the court, as such, not being bound by the argument and remarks of the judge who writes the opinion.

We are of the opinion that this instruction was properly refused; that probably Judge Burket used this language in discussing this case without considering fully the effect of such a rule as he apparently lays down, but in any event it is our judgment that that is not the law. We think that the rule is the same where the action is brought by the administrator in behalf of the estate or next of kin of the deceased person as it is where the action is brought by the injured person if living. No one is presumed to be negligent, but on the contrary, the presumption is, that every one exercises ordinary care until the contrary appears.

The law of self-preservation and self-defense raises the presumption that every one will exercise ordinary care to look out for and care for himself, and we see no reason why this rule should not prevail in a case of this kind the same at it would in the case of a living person.

This court once had this same question in a case in Huron county, where a similar instruction was asked, based upon these remarks of Judge Burket, and was refused by the court of common pleas, and that action of the court of common pleas was affirmed by the circuit court as then constituted. The judge now delivering this opinion was at that time the common pleas judge who tried the case, and the court adheres to its ruling in that case.

We therefore find that there was no error in the court refusing this instruction.

The court was also asked to give a request which is numbered "11" and which was refused, and this is claimed to be error. The substance of this request it is said, was taken from *National Malleable C. Co.* v. *Luscombe*, 6 Circ. Dec. 801 (9 R. 680), an opinion of this court delivered by Judge King, and was as follows:

"The duty of the defendant, The Jackson Knife & Shear Company, to give instructions to the said Jesse Helmic existed only when there were dangers in his employment of which the defendant company had or ought to have had knowledge, and which the defendant company had reason to believe Jesse Helmic did not know and would not have discovered in time to protect himself from injury."

"If the said Jesse Helmic knew or by the exercise of reasonable care or diligence might have known the elements of the danger it would be unreasonable to require the defendant company to warn him to avoid dangers which ordinary prudence ought to make him avoid without warning."

This request asked to be given before argument, and under the statute, the court was required to either refuse, or give it without modification. If it is defective in any respect, the court would be justified in refusing it. We think the court was justified in refusing to give this as an instruction to the jury before argument.

Such instructions go to the jury before they have been charged generally upon the case, before they have been given instructions as to the law of the case as a whole, and the law thus given to them is in a somewhat fragmentary form. Such instructions go with the jury to their room, and are there read and considered by them, and if in any re-

spect they are misleading, or might be reasonably held to be misleading, they ought not to be given.

We find on an examination of the circuit court case, *National Malleable C. Co.* v. *Luscombe, supra,* this: that the language used was quoted by Judge King, from the decision of another court in the body of his opinion. It states in a general way the law upon this question, but there may be statements made in an opinion in an argumentative form, that would not be proper to state to a jury as an instruction from the court, and we think that the instruction leaves out in the fore part of it, the element of ordinary care which it should have contained. It says:

"This duty existed only when there was danger in his employment, when the defendant company had or ought to have had knowledge."

It uses the phrase to be sure, "ought to have had knowledge," but the instruction does not state that the defendant company had, or by the exercise of ordinary care ought to have had knowledge of it. It leaves out the element of ordinary care entirely, and then continues, "and which the defendant company had reason to believe Jesse Helmic did not know, and would not have discovered in time to protect himself from injury." Again, the element of "ordinary care," is omitted from the instruction. Jesse Helmic was bound to exercise ordinary care only, and this is left out of this part of the instruction; and in the last part of the instruction is this language:

"If the said Jesse Helmic knew, or by the exercise of reasonable care or diligence might have known, the elements of the danger, it would be unreasonable to require the defendant company to warn him to avoid dangers which ordinary prudence ought to make him avoid without warning."

We think the expression, "It would be unreasonable to require the defendant company to warn him to avoid dangers which ordinary prudence ought to make him avoid without warning," was an inferential one, and an improper one to use in an instruction to the jury to be given before argument. It was an argumentative expression unnecessary to be used to state the law to the jury and it might have influenced the jury improperly, perhaps it might have been giving undue prominence to that part of the instruction. In short, we think that the request, considered all together, might have misled the jury, and that there was no error in the court refusing to give it before argument.

A large number of requests were given before argument,—I think perhaps ten,—covering the claims of the defendant below very fully, and we think there was no error prejudicial to the defendant, in the court refusing this instruction.

Knife & Shear Co. v. Hathaway.

As to the question of the facts in the case, and whether on the evi-dence given to the jury, the jury was warranted in finding the defendant guilty of negligence and the deceased not guilty of contributory negli-gence, it is undisputed that the deceased had been employed in this shop only about three weeks; that he had had no experience in that kind of work when he entered the shop; that he was asked to do the work which resulted in his death, without any instruction or warning being given to him by the foreman or anyone in authority in the shop. It is true that on a former occasion he had once done something of this kind for Mr. Hathaway, who was his brother-in-law, but Hathaway testified that he gave him no instruction or warning as to the danger at the time.

Under the law of this state as laid down in *Rolling Mill Co. v. Corri-gan,* 46 Ohio St. 283 [20 N. E. Rep. 466; 3 L. R. A. 385; 15 Am. St. Rep. 596], unless he had sufficient knowledge, it was the duty of the de-fendant under these circumstances to give proper instructions and warn-ing to the deceased and it was for the jury to say whether the danger was so open and apparent that such instructions were not necessary. In our judgment this was not so. The danger of putting this belt upon a rapid revolving wheel was one that would not occur in an inexperienced boy of seventeen years, and might not occur to an adult person. The danger that the belt would fly off as this one did and wrap itself around his person and kill him almost instantly was one that probably did not occur to young Helmic, and that it was a great danger is apparent from an examination of this record, and although he was said to be a bright boy and observant, we are of the opinion it cannot be said that he was guilty of contributory negligence or that he took all the risk upon him-self in doing this work.

This whole question is discussed in *Rolling Mill Co. v. Corrigan, supra.* It is familiar to counsel, and I will not stop to read it or quote from it. This is not a case where there was any wanton negligence upon the part of the defendant. Apparently, Mr. Kelley, the foreman, did not think of the danger of requesting this boy to do this work. He says, that he turned from the work for a moment while the boy was gone, and that he did not know he had returned until he was injured, but under the law, having directed the boy to do this work, ordinary care required him to observe the manner in which he did the work, or give him proper instructions or warning. He asked the boy if he thought he could do the work, and he answered he could, and he sent him after the stepladder, and then and without any instructions the boy came back and as is natural, proceeded immediately to do the work and was

killed. Under the law as laid down in our own state, it cannot be said, that the jury were not warranted in finding a legal liability existing against the defendant.

It is claimed that the damages were excessive. The verdict was $2,950. The wages he was receiving at this time were very small, about fifty cents a day, as he was a mere beginner in this kind of work, but with a probability that his wages would be increased as time went on. It is always of course more or less speculative what pecuniary value a child may be to his parents, or a brother may be to his brothers and sisters—in this case, the deceased leaving a father and mother and brother and sister. He was an unusually bright boy. He had attended the high school, within one year of graduation; his father meeting with reverses, he left the high school, in order that he might aid in the support of the family, and was contributing some to the support of his father and mother at the time of his death. We think that this verdict should not be held to be excessive.

Under the statute, the amount of damages within certain limits is committed to a great extent to the judgment and discretion of the jury. No exact rule can be laid down. One jury differs from another, and it is not always entirely satisfactory it is true. The law is, that only pecuniary damages to the next of kin can be recovered, but what pecuniary damage is suffered, is not a matter of exact mathematical computation. The age of the deceased, the probable value of his service, his habits, the probability that he would aid and assist are all to be taken into consideration, and it is the purpose of the statute and its object that substantial damages shall be allowed to the next of kin for death by wrongful act, and in our judgment under the circumstances in this case, considering all the facts, $2,950 is not excessive. We find no prejudicial error in the record, and the judgment of the court of common pleas will therefore be affirmed.

**Parker and Haynes, JJ., concur.**